**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FUQUAN CROMWELL,<br>*Defendant*. | Crim. No.: 19-00057 (KSH)<br><br>**OPINION** |

**I.  Background**

FuQuan Cromwell entered a guilty plea on March 27, 2019 to possession with the intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and was subsequently sentenced to 37 months' imprisonment followed by a three year term of supervised release.  According to the BOP website, he is currently incarcerated at FCI Schuylkill and is expected to be released in August 2022. https://www.bop.gov/inmateloc/ (last visited August 12, 2021).

On August 24, 2020, the Court denied without prejudice Cromwell's letter request and counseled motion brought pursuant 18 U.S.C. § 3624(c), seeking compassionate release, specifically that he serve the remainder of his sentence under home confinement due to his fear of contracting and transmitting COVID-19.  (D.E. 33, 37, 38, 39.)  Now Cromwell moves pro se for compassionate release and a reduction in sentence based on familial circumstances pursuant to 18 U.S.C. §

1

3582(c)(1)(A). (D.E. 40.) After Cromwell's filing, the Office of the Federal Public Defender filed a supplemental brief on his behalf. (D.E. 51.) The government has opposed. (D.E. 49, 50.)

## II. Legal Standard

18 U.S.C. § 3582(c)(1)(A) provides as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The United States Sentencing Commission's policy statement permits a court to reduce a term of imprisonment under § 3582(c)(1)(A) where extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g), and release would comport with consideration of the § 3553(a) factors. U.S. Sent'g Guidelines Manual ("USSG") § 1B1.13 (U.S. Sent'g Comm'n 2018); *accord United States v. Williams*,

2

2021 WL 37536, at *2 (D.N.J. Jan. 4, 2021) (McNulty, J.) (summarizing requirements for compassionate release under § 3582(c)(1)(A)). Congress directed the Sentencing Commission to define the meaning of the statutory term "extraordinary and compelling reasons," *see* 28 U.S.C. § 994(t), and the application notes to the Sentencing Commission's relevant policy statement provide that in specified circumstances, including, but not limited to, situations involving the defendant's family circumstances, extraordinary and compelling reasons for a reduction in sentence may exist. USSG § 1B1.13, Application Note 1(A)-(C). In addition, the Sentencing Commission included a catchall provision, which provides that "other reasons" may be sufficient if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." *Id.* at Application Note 1(D).

### III. Discussion

As the Third Circuit has explained, "[a] prisoner may file a motion for compassionate release with the sentencing court 'after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or** the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, **whichever is earlier**." *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court finds that because the Warden at FCI Schuylkill has denied Cromwell's request for

3

compassionate release (D.E. 51-4, Ex. D, *see also* D.E. 49, "Opp. Br." at 8-9), his administrative remedies have been exhausted under § 3582(c)(1)(A). The Court, therefore, has jurisdiction to consider the pending motion before it for decision.

By way of background, the Court notes that Cromwell contracted COVID-19 in February 2021 while in the BOP's custody. The government has produced vaccination records issued by the BOP (D.E 50 at 6-7), and it appears that he is now fully vaccinated and does not have a history of underlying health concerns that would place him at risk of severe illness in the event of reinfection. To the extent Cromwell is fearful of the conditions inside the institution and the inability to exercise current public health guidelines governing social distancing, "the mere existence of COVID-19 at [a BOP facility] is insufficient to show 'extraordinary and compelling reasons' for release." *United States v. Ludwikowski*, 2020 WL 7258591, at *2 (D.N.J. Dec. 10, 2020) (Kugler, J.); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited August 12, 2021) (reporting that as of the date of this writing, FCI Schuykill has no positive cases among its inmate or staff populations).

Resolution of Cromwell's request for compassionate release turns on whether he has shown an "extraordinary and compelling reason" warranting a reduction of his sentence. Absent the existence of such reason, it is unnecessary for the Court to assess the issue of dangerousness under 18 U.S.C. § 3142(g) or the sentencing factors under 18 U.S.C. § 3553(a).

When, as here, a defendant's familial circumstances serve as the basis for a claim that extraordinary and compelling reasons exist for compassionate release, a reduction in sentence may be warranted under very limited circumstances, specifically in the event of:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

USSG § 1B1.13, Application Note 1(C).

Cromwell contends that his continued incarceration is having a detrimental effect on his two children, especially his 13 year old son who is "struggling to adapt to the circumstances brought forward by the pandemic." (D.E. 51 at 6.) Attached as Exhibit C to the public defender's supplemental brief are screenshots that capture text message exchanges with Cromwell's son, which he uses to demonstrate his son's depression and recent suicidal ideations (*see* D.E. 51-3), arguing that extraordinary and compelling reasons exists because "he can lend to his son the vital support that only a father can provide" (D.E. 51 at 6).

The fundamental principle of the family circumstances category is that there exists an extraordinary and compelling reason for compassionate release when the defendant has a child, spouse, or registered partner who is entirely unable to care for himself or herself and for whom that defendant would be the only available caregiver. Cromwell has not alleged that the mother of his children is incapacitated or otherwise

5

unable to provide care without his assistance. Based on the letters submitted to the Court from family and friends attached as Exhibit A to the supplemental brief, both children currently live with their mother (*see* D.E. 51-1 at 2), and have the full support of Cromwell's wife, who treats his son as her own (*see id.* at 2, 4).

The impact on family members is an inherent feature of any term of incarceration, and finds expression in 18 U.S.C. § 3553(a), which requires a sentence be "sufficient, but not greater than necessary" to accomplish the purposes of sentencing all the while keeping sight of "the history and characteristics of the defendant." The Court does not minimize the impact on Cromwell's family when it determines, as it must, that the criteria under Application Note 1(C) do not apply here, and as a consequence, his application is denied.

## IV. Conclusion

For the reasons set forth above, the Court denies Cromwell's motion and will issue an appropriate order to that effect.

Dated:  August 12, 2021                         /s/ Katharine S. Hayden
                                                Katharine S. Hayden, U.S.D.J.